UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

In Re

CIXTO CRUIZ MURILLO,

        Petitioner.

No. C-12-1482 EMC (pr)

**ORDER OF DISMISSAL**

      Petitioner has filed a document entitled "Ruling Re: Petition For Writ of Habeas Corpus" that appears to be a petition for writ of habeas corpus to challenge his conviction from the Tulare County Superior Court. Tulare County lies within the venue of the Eastern District of California. Petitioner is confined at the Kern Valley State Prison in Kern County, also within the venue of the Eastern District of California. Venue is proper in a habeas action in either the district of confinement or the district of conviction, 28 U.S.C. § 2241(d); the Northern District is neither for this petitioner.

      The court "shall dismiss, or if it be in the interest of justice, transfer" an action that has been filed in the wrong venue. 28 U.S.C. § 1406(a). Petitioner filed two habeas actions in the Northern District and one habeas action in the Eastern District – all challenging the same Tulare County conviction. This Court transferred his first habeas petition, *Murillo v. Coulard*, No. C 12-729 EMC, to the Eastern District. It is not in the interest of justice to transfer this action because it wastes limited judicial resources for the transferring court to repeatedly transfer actions filed by the same petitioner in the wrong district, and wastes limited judicial resources for the transferree court to have to process duplicative habeas petitions. Accordingly, this action is **DISMISSED** because it was filed in the wrong venue. This dismissal is without prejudice to petitioner pursuing his claims in the Eastern District of California.

1  Petitioner's *in forma pauperis* application is **DENIED** because it is incomplete:  he did not
2  attach the certificate of funds in his inmate trust account as required by 28 U.S.C. § 1915(a)(2).
3  (Docket # 2.)
4  A certificate of appealability will not issue.  *See* 28 U.S.C. § 2253(c).  This is not a case in
5  which "jurists of reason would find it debatable whether the petition states a valid claim of the denial
6  of a constitutional right and that jurists of reason would find it debatable whether the district court
7  was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).
8  The Clerk shall close the file.

10  IT IS SO ORDERED.

12  Dated:  June 18, 2012

    _____
    EDWARD M. CHEN
    United States District Judge

2